**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL  BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL 727, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | |
| | ) | Hon. |
| ADDIS PARKING & VALET, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT
TO COMPEL ARBITRATION**

The International Brotherhood of Teamsters, Local 727 ("Plaintiff" or the "Union"), in accordance with the Labor Management Relations Act, 29 U.S.C. §185 (the "LMRA"), hereby brings this Complaint To Compel Arbitration (the "Complaint") against Defendant Addis Parking & Valet, LLC ("Defendant" or "Addis") and states:

**Nature Of The Action**

1.      Defendant has knowingly breached a collective bargaining agreement (the "Agreement") between it and Plaintiff by refusing to arbitrate an alleged violation of that Agreement.   The underlying dispute, which Defendant refuses to arbitrate, relates to Defendant's failure to transmit union dues to Plaintiff.  In this action, Plaintiff asks the Court to enforce the Agreement by ordering Defendant to promptly arbitrate the parties' dispute.

**The Parties, Jurisdiction, And Venue**

**Plaintiff International Brotherhood Of Teamsters 727**

2.      Plaintiff is an unincorporated labor organization.

3.      Plaintiff is a labor organization within the meaning of 29 U.S.C. §152(5).

4.      Plaintiff's principal place of business is located in Park Ridge, Illinois.

5.      Plaintiff's principal place of business is within this judicial district.

6.      Plaintiff exists for the purpose of representing its members in collective bargaining with employers in industries affecting commerce.

**Defendant Addis Parking & Valet, LLC**

7.      Defendant is an Illinois limited liability corporation.

8.      Defendant's principal office is at 120 South State Street, Suite 200, Chicago, Il 60603.

9.      Defendant conducts all of its business in Illinois.

10.     Defendant's principal place of business is in Illinois.

11.     Defendant is located within this judicial district.

12.     Defendant is an employer engaged in commerce within the meaning of the LMRA.  29 U.S.C. §§142, 152 and 185(a).

13.     All members of Defendant are Illinois residents.

**Jurisdiction**

14.     This dispute arises under the laws of the United States.

15.     This Court has jurisdiction over this dispute pursuant to the LMRA.

16.     This Court has jurisdiction over this dispute pursuant to:  (a) 29 U.S.C. §185; (b) 28 U.S.C. §1331; and (c) 28 U.S.C. §1337.

**Venue**

17.     Venue is proper in this District because:  (a) the Defendant resides in this judicial

2

district; and (b) a substantial part of the events giving rise to this action occurred in this judicial

district.  29 U.S.C. §1391.

## General Allegations

18.    Plaintiff and Defendant are parties to the Agreement.

19.    A true and correct copy of the Agreement is attached hereto as Exhibit A.

20.    The Agreement became effective on November 1, 2016, and it remains in effect

until October 31, 2021.  (Exhibit A, p. 26.)

21.    Plaintiff has complied with the Agreement in all respects.

## Defendant Violated The Agreement By Failing To Transmit Dues

22.    The Agreement, at Section 2.2, provides:

> When specifically authorized in writing by each employee, the Employer will deduct, from the first paycheck of each month, dues and/or fees owing the Union and forward them to the Secretary-Treasurer of the Union, not later than ten (10) days after each monthly deduction.  Such authorization, once given, shall be irrevocable for a period of not less than one (1) year of the term of this Agreement, whichever occurs sooner.

(Exhibit A, p. 2).

23.    Defendant violated Section 2.2 by failing to transmit union dues to Plaintiff.

## Defendant Violated The Agreement By Failing To Arbitrate

24.    The Agreement, at Article 6, contains a procedure for the resolution of disputes.

(Exhibit A, pp. 4-6.)

25.    That Agreement, at Section 6.3, states that arbitration is the final and binding

method for resolution of grievances.

26.    On or about August 14, 2018, Plaintiff filed a grievance (the "Grievance")

identifying the Defendant's breach of the Agreement.

3

27.     A true and correct copy of the Grievance is attached hereto as Exhibit B.

28.     In accordance with Agreement Article 6, Plaintiff timely referred the Grievance to arbitration.  (*See* Exhibit A, pp. 4-6.)

29.     On September 14, 2018, Plaintiff sent Defendant a letter confirming that the Grievance was being referred to arbitration.

30.     A true and accurate copy of the September 14, 2018, letter is attached hereto as Exhibit C.

31.     From September 14, 2018, to the present, Plaintiff has attempted to contact Defendant numerous times, in various ways, regarding selecting an arbitrator and scheduling a date for an arbitration hearing,

32.     Plaintiff has received no response to its communications from Defendant.

33.     Defendant's silence constitutes a refusal to arbitrate.

34.     Defendant has failed and refused to submit the dispute to final and binding arbitration as set forth in the Agreement.

35.     Defendant's refusal to arbitrate the parties' dispute constitutes a breach of the Agreement.

36.     Defendant's refusal to arbitrate the parties' dispute is willful, without legal justification, and made in bad faith.

37.     Plaintiff's clearly ascertainable right to arbitration, under the Agreement, is being violated by Defendant and this right is in need of protection.

38.     Plaintiff, and the employees of Defendant that are Plaintiff's members, are without adequate remedy at law.

39.     Plaintiff, and the employees of Defendant that are Plaintiff's members, are suffering, and they will continue to suffer, immediate and irreparably injury unless and until Defendant is ordered to comply with the Agreement by arbitrating the Grievance.

40.     Remedies available to Plaintiff at law are inadequate to compensate Plaintiff for its injuries.

41.     The granting of a permanent injunction is warranted upon consideration of the balance of hardships between Plaintiff and Defendant.

42.     The permanent injunction being sought by Plaintiff would not hurt the public interest.

## Prayer for Relief

WHEREFORE, Plaintiff asks that this Court enter an order:  (a) entering a permanent injunction requiring Defendant to specifically perform on its collective bargaining agreement by promptly arbitrating the Plaintiff's grievance; (b) awarding Plaintiff its reasonable attorney's fees and costs incurred in connection with this dispute; and (c) granting Plaintiff such further relief as may be just and proper under the circumstances.

Dated: August 14, 2019                          Respectfully submitted,

                                                TEAMSTERS LOCAL UNION NO. 727

                                                By: _s/ Richard L. Miller II_____
                                                    One of Its Attorneys

William Tasch
*william.tasch@iladvocates.com*
Jonathan Magna
*jmagna@iladvocates.com*
Richard L. Miller II
*rmiller@iladvocates.com*
Illinois Advocates, LLC
77 West Washington Street, Suite 2120
Chicago, Illinois 60602
Phone: 312.818.6700